## Hearne v. Fischer Lime & Cement Company, Incorporated.

(Decided June 24, 1927.)

### Appeal from McCracken Circuit Court.

1. Sales.—Seller of brick, who contracted for immediate delivery, held to have breached contract by failing to deliver within reasonable time and with no excuse for delay.

2. Sales.—It is duty of seller of brick, under contract for immediate delivery, to deliver within "reasonable time," which is such length of time as by ordinary care and diligence and in ordinary course of business bricks might have been shipped and delivered.

3. Sales.—Buyer of brick, who accepted carload and used it without complaining of delivery up to that time, cannot complain that such car was not what he bought.

4. Trial.—In action for purchase price of brick, instruction that buyer, consenting to delay, cannot recover on counterclaim, held erroneous, in not being limited to carload of brick which was accepted and used without complaint.

5.   Sales.—In action for purchase price of brick, in which defendant
admitted sale at prices charged, but alleged breach of contract by
delay in delivery, burden of proof is on defendant.

WHEELER & HUGHES for appellant.

BRADSHAW & MACDONALD and BRADY STEWART for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

After appellant's brief was filed, insisting on a reversal on the ground that the circuit court erroneously placed the burden of proof upon the plaintiff, the appellee filed a motion to expunge from the record so much thereof as showed an exception in the court below to the above ruling; this motion was supported by a certificate of the clerk and was passed to the merits. Later appellant made a motion in the circuit court to correct the record for clerical error by inserting the words in question. Proof was heard and the circuit court overruled the motion. Appellant filed the proceedings on the motion, as a part of his appeal, and this matter was also passed to the merits. The court does not find it necessary to pass on either of these questions. For it concludes from the whole record that on the merits of the case a new trial should be granted the defendant.

The plaintiff in its petition alleged that at the defendant's special instance and request it sold and delivered to him three carloads of brick of the value of $1,026; that it was mutually agreed between them that as a part of the contract of sale the plaintiff would pay all the freight on the brick; that the freight charges were $396.29, leaving a balance due the plaintiff of $629.71, which was not paid. The defendant, by his answer, alleged in substance that on April 13, 1922, the plaintiff sold to him, at the price quoted, to be shipped at once, 26,000 brick like the sample, plant No. 46, smooth buff, and the plaintiff agreed that the brick would be promptly delivered; that relying on this assurance, he began the construction of his residence; that the first carload of brick arrived about May 20; and that the last two cars of brick did not arrive until the last of July, 1922, and, by reason of the defendant's failure to deliver any of the brick in time, he had to suspend work on his residence, was put to additional expense, and lost the use of his residence for three months by reason of the defendant's delay in

shipping the brick, to his damage in the sum of $800, for which judgment was prayed. A reply was filed, controverting the allegations of the answer, and on final hearing the jury returned a verdict in favor of the plaintiff. The defendant appeals.

There is little contradiction in the evidence. About the 1st of April the plaintiffs, whose headquarters are in Memphis, learned that Dr. Hearne was about to put up a residence in Paducah, Ky., and thereupon their traveling man, Mr. Staehle, went to see him. On April 7, he wrote them:

"I let my contract today. Kindly let me hear by return mail whether you can make me a better price on plant No. 13, shade 3, also plant No. 46, smooth buff, like samples sent. Also advise how soon delivery can be made."

On April 10, they thanked him for the order, saying that the price was as low as they could make it, and added: "Shipment of either of these brick can be made immediately." On April 13, he wrote them this:

"You may place my order for (26,000) twenty-six thousand brick, like your sample plant No. 46, smooth buff, to be shipped at once. Please route via I. C. R. R.. as this switch is near my lot. I refer you to the Mechanics' Trust & Savings Bank this city for any information you wish."

On April 15 they, by wire, accepted the order. The brick did not come and much correspondence followed, until May 12, when the first car of brick arrived. Then the defendant sent this telegram to the plaintiff:

"First car Hearne brick arrived today, not up to sample, advise disposition immediately."

After the receipt of this message the agent of the plaintiff came to Paducah. He and Dr. Hearne had a conference, in which it was finally agreed that Dr. Hearne would keep this car of brick, although it was not the brick he had ordered, but was a lighter shade in color; it being agreed that he might throw out the culls and be credited for them. It was further then agreed that the plaintiff would send two other cars like this car, as it was necessary to have all the brick alike to make the house look right. The plaintiff agreed to send these brick at once. But when it communicated with the factory, the

factory had sold all the brick like the one car that had been shipped. After some delay and much correspondence the factory agreed to make the additional brick. But to make and burn and ship them, took time, and so the brick were not delivered to Dr. Hearne until the last of July. In the meantime he had not been able to do any work on his house, and in fact was about three months late in getting his house finished.

Plainly here there was a breach of the contract which the plaintiff made with the defendant. The plaintiff sold the defendant the brick for immediate delivery. It did not deliver the brick, and it was no excuse for it that the factory did not have any more brick. There was no provision in the contract exempting it from liability if unable to get the brick. The plaintiff made a positive contract with the defendant to sell and deliver him the brick. It was the defendant's duty, under this contract for immediate delivery, to deliver the brick in a reasonable time. A reasonable time in such a case is such a length of time as by ordinary care and diligence, and in the ordinary course of business, the bricks might have been shipped and delivered. The court should so have instructed the jury.

The plaintiff cannot complain that the first carload of brick was not what he bought. He accepted the car and used it without complaining of the delay up to that time, so far as the proof shows, and it does not appear that up to that time there had been any loss sustained by him. The court, in writing instruction No. 4, seems to have had in mind this car of brick. The instruction is in these words:

> "Although you may believe from the evidence that there was a delay in the delivery of the brick mentioned in the evidence, yet if you shall further believe from the evidence that the defendant, by his acts, deeds, or words, consented to such delay, prior to the delivery of the brick mentioned in the evidence, then the law is for the plaintiff on defendant's counterclaim, and you will so find."

There is nothing in the evidence warranting this instruction as to the last two carloads of brick. The instruction should have been confined to the first carload of brick. There is no evidence that the defendant consented to any part of the delay in shipping the last two cars of brick. Under the evidence the court, in lieu of instruc-

tion No. 4, should have told the jury that, under the agreement then made, defendant waived all claim for damages by reason of the first car of bricks not coming up to the sample or the delay in its shipment. The evidence showed that he then accepted that car under the contract in consideration that the defendant agreed to ship him two other like cars of bricks.

On another trial the court will hold that the burden of proof is on the defendant. The defendant admits getting the brick and admits they were sold to him at the price charged. On the trial of the case the plaintiff filed an amended petition, alleging that at and before the delivery of the brick the defendant agreed to pay the plaintiff therefor $629.75. The order taking this pleading controverted of record did not change the burden of proof in the action, for it stood admitted that the defendant had received the brick, and that they were of value $629.75, and were sold to him at that price.

Judgment reversed, and cause remanded for a new trial.